CASTRO & ROUVIER, *S. en C.*, Plaintiff and Appellee, *v.* HERMINIO MELÉNDEZ ET UX., Defendants and Appellants.

No. 6767. Argued May 7, 1935.—Decided December 24, 1935.

*E. Huertas Zayas* for appellants. *Alberto S. Poventud* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

From the pleadings and a part of the opinion of the court there can be no doubt that the complainant in this suit is the firm of Castro & Rouvier, a limited partnership (*S. en C.*).

At least the suit was begun in the name of that firm. The difficulty is that from the opinion and the transcript of the evidence there are some indications that the real plaintiff is Arturo Castro trading as Castro & Rouvier. The court relied on *Feliú* v. *Independence Indemnity Co.*, 43 P.R.R. 217. That case decided that a man might trade under a firm name if he so chose. It transpired that Rouvier, the other managing partner, sold out his interest to Castro, and a silent partner was also paid. This left Castro as the only person with any interest in the firm of Castro & Rouvier. On the witness stand, at the instance of the court, Castro said, among other things, that he was the plaintiff in the action. Further on, however, it appeared that what he understood thereby was that he owned the firm of Castro & Rouvier. It developed also that Castro & Rouvier became dissolved and was being liquidated by Castro himself, so that the best way to regard this suit is one by the firm of Castro & Rouvier in liquidation. Perhaps it would have been better if the suit had been begun by Castro, liquidator for Castro & Rouvier, but we are not at all satisfied that when a man is liquidating the affairs of a dissolved partnership he may not bring the suit in the name of the firm. In one way or another we do not agree with the appellants that the proper person was not before the court. This case, of course, differs from *Feliú* v. *Independence Indemnity Co.*, *supra*. Furthermore, in a part of their brief the appellants are maintaining that the firm of Castro & Rouvier is dissolved and therefore that they could maintain no action. This is something of an admission that otherwise Castro & Rouvier would be the real plaintiff before the court. This disposes of the second assignment of error which the appellee does not discuss except by reference to the first assignment of error, wherein he was relying on *Feliú* v. *Independence Indemnity Co.*, *supra*.

The first assignment recites that the court committed error in admitting in evidence a document which showed the

constitution of the firm. We can not see the error and, in any event, its admission was harmless.

■ The third assignment of error is as follows:

"The trial court erred in holding that the defendants had several opportunities to read and examine the document and that they could have appeared at the trial but failed to do so, in order to attack the authenticity and execution of the alleged promissory note."

Perhaps the appellants are right in maintaining that before the trial they had no opportunity to read the promissory note, but, as it is customary in those cases, they would have had the opportunity to examine it if they had made a request before the trial, and the error, it seems to us, reduces itself to a verbal criticism. We are quite satisfied that the comments of the court did not affect the real decision of the case.

The fourth assignment is that the court committed error in applying section 10, subdivision 3, of the Uniform Law of Negotiable Instruments. Perhaps the court was mistaken, but it did not affect the right of this firm to recover judgment on the note.

■ The fifth error is perhaps a little more serious. It reads as follows:

"The trial court committed an important error in entering judgment on the ground that the note sued on and which is denied in the answer was presented and admitted, which note could not be admitted because it was never presented to the court at the trial. (Additional stenographic notes). It also erred in sustaining the complaint without sufficient evidence in support thereof."

Now, the court was perfectly satisfied, and said so in a so-called "aclaración" of the statement of the case, that the note was duly presented in evidence. The appellants maintain that the record shows that it was not. There can be no doubt, however, that the promissory note was being handled by the plaintiff during the progress of the trial and that the suit was founded on that note. We think it makes

but little difference whether the plaintiff actually handed the note to the clerk of the court. A promissory note, moreover, is mere evidence of the existence of a debt and, as it was clearly proved at the trial that the note was for an existing debt and that the note was not paid, the judgment was justified.

Therefore, the judgment should be affirmed.